## JOHN GREASON, PLAINTIFF, *v.* THE GOODWILLIE-WYMAN COMPANY, DEFENDANT.

*Practice — motions affecting receivers of insolvent corporations — what papers must be served upon the attorney general under chapter 378 of 1883.*

Section 8 of chapter 378 of 1883, relating to receivers of corporations, provides that "a copy of all motions and all motion papers, and a copy of any other application to the court, together with a copy of the order or judgment to be proposed thereon to the court, in every action or proceeding now pending for the dissolution of a corporation or a distribution of its assets, or which shall hereafter be commenced for such purpose, shall, in all cases, be served on the attorney general in the same manner as provided by law for the service of papers on attorneys who have appeared in actions, whether the applications but for this law would be *ex parte* or upon notice." * * *

*Held,* that where a matter is to be brought before the court upon a regular notice of eight days, a notice of the motion, with a copy of the proposed order, must be served upon the attorney general.

That were it is to be brought before the court by an order to show cause, a copy of the order to show cause, and of the proposed order, should be served upon him.

That it was not necessary to serve upon him a notice of the application for the order requiring cause to be shown.

APPEAL from an order requiring the *de jure* receiver Seaman, to produce the books and papers of the defendant.

The appellant was duly appointed receiver in this action on notice to the attorney general, and qualified as such by filing a bond in the amount of $10,000 as required by the court. March, 1885, the appellant receiver being informed that one Samuel A. Briggs claimed to be and was acting as receiver of the defendant, under an alleged appointment in an action entitled "*Miles* v. *Goodwillie-Wyman Co.*," had a motion made in such action to declare said alleged receivership null and void, for non-compliance with the requirements of section 8, chapter 378, Laws of 1883. Thereupon on April 1, 1885, an order was duly made and entered declaring the judgment theretofore entered in the said action of "*Miles* v. *Goodwillie-Wyman Co.*," the appointment of a receiver thereunder, and all proceedings taken therein null and void. Thereafter on motion made, in behalf of this appellant as *de jure* receiver, in the present action, for the said late or *de facto* receiver Samuel A. Briggs, to show cause why he should not be required to state and submit his accounts before a referee, and surrender up to the present receiver and appellant all the property of the defendant corporation that may have come into his hands, an order was granted by Mr. Justice BARRETT of date April 18, 1885, appointing Clifford A. Hand, Esq., referee, to pass the accounts of said *de facto* receiver Briggs, who was therein ordered to make and state his accounts as such in this action before said referee accordingly.

Upon the hearing before said referee, F. H. Levey & Co. and Sturges Whitlock, who claimed to be creditors of the company, appeared on the passing of the accounts of said *de facto* receiver, and during the course of the reference their counsel applied to the court at Special Term, and obtained an order to show cause why the books and papers of the defendant corporation should not be produced for use as evidence before said referee on said accounting. From the order there made this appeal was taken.

*J. Homer Hildreth*, for the receiver, appellant.

*Joseph R. Flanders*, for the creditors, respondents.

BRADY, J.:

The appellant William H. Seaman, having succeeded Samuel A. Briggs as receiver, proceeded to obtain a statement of the accounts

of his predecessor and an order requiring him to surrender all the property of the defendant corporation that might have come into his hands; and the result was an order appointing Clifford A. Hand, Esq., referee to pass the accounts of the predecessor, who was required to make and state his accounts before such referee, on five days' notice of hearing to the judgment creditors and others named in the application. The accounting was proceeded with, and an application made during the course of it for an order requiring the appellant as receiver, to produce the books and papers of the defendant which had come into his hands as receiver before the referee, who was to take the account stated. And from that order he has appealed.

The appeal itself may be regarded as extraordinary, but more particularly when the grounds upon which it rests are stated and considered. The objection chiefly urged against the propriety of the order appealed from is that under the provisions of section 8 of chapter 378 of the Laws of 1883 (see p. 559) notice of the intended application for such an order should have been given to the attorney general, the appellant insisting that the service of the order so obtained is not a compliance with the statute, it being obligatory upon the moving party to give notice of an intended application for the order, requiring the service not only of copies of the moving papers, but also of a copy of the order to be proposed to the court.

This is entirely unnecessary and has no sanction either by the language or the spirit, design or object of the act. The intent of the provision in the statute referred to is that in the class of actions embraced in it, the attorney general shall have notice of the motion, together with a copy of the proposed order relating to it which will enable him to comprehend its design and to determine whether he will attend and oppose the motion or permit it to pass. All that is necessary, therefore, is to serve a notice of motion with a copy of the proposed order, or if an order to show cause is obtained, to serve a copy of the order to show cause with the proposed order; and those are distinct methods of producing the same result. To adopt the process suggested by the appellant in this case would lead to unnecessary delays and doubtless often impede the successful administration of justice. It is unnecessary to say anything more in reference to this objection than has already been said; indeed

perhaps it was unnecessary to do more than state it to show that the appellant has misconstrued the provision of the statute mentioned.

The other objection interposed is to the right of the creditors to be present at the accounting of the receiver. The order directing the accounting to take place required service of the notice upon the creditors named in the application and those creditors appeared before the referee. This they had the right to do, not only under the order but without reference to any order. The taking of an account by a former receiver of a defendant corporation is one in which the creditors have an interest, indeed a double interest, one in obtaining an actual statement of property received and money paid out or expenses incurred, and another in the delivery of the property unappropriated which the receiver possesses at the time of the accounting.

We do not see how there can be the slightest doubt about this right whether it is founded upon an order of the court directing notice to be given or notice of the proceeding obtained in any way in which notice might be given, accidentally or otherwise. When the proceedings relate to the acts of an officer of the court, as a receiver is by fiction if not in reality, all persons having any interest in the estate which he represents have a right to be present and be examined on any subject pertinent to the inquiry which springs out of the proceeding itself. A mere statement of this must carry conviction with it, and it is not necessary to treat it with any elaboration.

For these reasons the order appealed from should be affirmed, with ten dollars costs and the disbursements of the appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.